UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WALTER GOUDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| RODNEY J. CUMMINGS, *in his individual capacities as an Anderson police detective and as a Madison County prosecutor*, STEVE NAPIER, *in his individual capacity as an Anderson police detective*, CITY OF ANDERSON, *an Indiana municipality*, and THE STATE OF INDIANA, *for indemnification purposes only*, | ) ) ) ) ) ) ) ) ) ) ) |
| | No. 1:12-cv-00161-SEB-TAB |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION TO RECONSIDER**

This cause is now before the Court on Plaintiff's Motion to Reconsider [Docket No. 75], filed on December 3, 2013. Plaintiff Walter Goudy requests that we reconsider Part III.A of our September 30, 2013 Order in which we held in line with other decisions of this court that Mr. Goudy was barred from bringing a federal malicious prosecution claim because an adequate remedy existed under Indiana law, despite the fact that the Indiana Tort Claims Act provides absolute immunity for police and prosecutors for state malicious prosecution claims. *See* IND. CODE § 34-13-3-3(6) ("A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from … [t]he initiation of a judicial or administrative proceeding."). In our order,

1

we relied upon relevant district court cases, recognizing that the Seventh Circuit had not at that point had occasion to directly rule on this issue. Shortly after our ruling, however, the Seventh Circuit specifically addressed the issue in *Julian v. Hanna*, 732 F.3d 842, 848 (7th Cir. Oct. 21, 2013), holding that individuals filing suit in Indiana may bring a federal claim for malicious prosecution pursuant to 42 U.S.C. § 1983, given that the ITCA renders the remedy for malicious prosecution under Indiana state law unavailable.

It is clear, given the Seventh Circuit's ruling in *Julian*, that Mr. Goudy's motion for reconsideration is well-taken and that he is entitled to pursue his cause of action for malicious prosecution. However, the parties disagree as to whether that cause of action must be brought as a state rather than federal claim under § 1983. In their briefing in response to Mr. Goudy's motion for reconsideration, Defendants Rodney J. Cummings and Steve Napier, as police officers, and the City of Anderson ("the City Defendants") informed the Court that they each "agree to waive their law enforcement immunity as to Plaintiff's malicious prosecution claim only." City Defs.' Resp. at 3. Thus, the City Defendants contend that Mr. Goudy must bring his malicious prosecution claim pursuant to state law, given that Indiana recognizes the tort of malicious prosecution on which they have waived their sovereign immunity.

It is well-established that a state (and its political subdivisions) "may not be sued in its own courts unless it has waived its sovereign immunity by expressly consenting to such suit through a clear declaration of that consent." *Januchowski v. N. Ind. Commuter Transp. Dist.*, 905 N.E.2d 1041, 1046 (Ind. Ct. App. 2009) (citing *Oshinski v. N. Ind.*

*Commuter Transp. Dist.*, 843 N.E.2d 536, 539-40 (Ind. Ct. App. 2006)). Here, the City Defendants have waived their sovereign immunity as to Mr. Goudy's malicious prosecution claim through a "clear declaration" to the Court of their consent to suit. Given this waiver, we find that an adequate state remedy is available to Mr. Goudy, to wit, a cause of action for malicious prosecution under Indiana law. It is well-established under Seventh Circuit law "that the existence of a malicious prosecution cause of action under state law '*knocks out* any constitutional tort of malicious prosecution …." *Serino v. Hensley*, 735 F.3d 588, 593 (7th Cir. 2013) (quoting *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001)). Accordingly, because the City Defendants have in this case waived their sovereign immunity as to that claim, Mr. Goudy must bring his malicious prosecution claim against the City Defendants as a state law tort claim rather than as a § 1983 claim.[1]

Unlike the City Defendants who have waived their immunity under the ITCA, Defendant Cummings argues with respect to his prosecutorial capacity that he is entitled to absolute prosecutorial immunity on Mr. Goudy's malicious prosecution claim. In his malicious prosecution claim, Mr. Goudy alleges that Cummings, acting with malice, caused him to be prosecuted without probable cause. "[I]n initiating a prosecution and in

---

[1] In his Complaint, Mr. Goudy asserts that Defendants Cummings and Napier are directly liable for his state malicious prosecution claim and also alleges that the City of Anderson is vicariously liable under a respondeat superior theory because Cummings and Napier were at all relevant times acting within the course and scope of their employment with the City. Compl. ¶¶ 148-152. Although a municipality may not be held liable in a § 1983 action under a respondeat superior theory, it can be held liable under such a theory under state law for acts of its employees which were committed within the course and scope of their employment. *E.g., City of Fort Wayne v. Moore*, 706 N.E.2d 604, 607 (Ind. Ct. App. 1999).

presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). "[A]bsolute immunity shields prosecutors even if they act 'maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence.'" *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quoting *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986)). In our prior order, we held that Mr. Goudy's due process and conspiracy claims against Cummings in his prosecutorial capacity survived Cummings's motion to dismiss because it was possible that those claims might implicate actions taken by Cummings in his investigatory rather than prosecutorial role. However, Mr. Goudy's malicious prosecution claim can only be fairly construed as being brought against Cummings for actions taken in the scope of his duties as a prosecutor, not as an investigator. Accordingly, Mr. Goudy's state malicious prosecution claim against Cummings in his prosecutorial capacity is dismissed.

For the foregoing reasons, Mr. Goudy's motion for reconsideration is <u>GRANTED IN PART</u> and <u>DENIED IN PART</u>. Mr. Goudy is entitled to pursue his state cause of action for malicious prosecution against the City Defendants. However, we decline to reconsider our prior order with regard to the malicious prosecution claim brought against Defendant Cummings in his prosecutorial capacity; that claim is <u>DISMISSED</u>. The case will proceed accordingly.

IT IS SO ORDERED.

Date: 01/21/2014

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Richard Bruce Walker
walkerlaw8@gmail.com

Anthony W. Overholt
FROST BROWN TODD LLC
aoverholt@fbtlaw.com

Heather M. Wyatt
INDIANA ATTORNEY GENERAL
heather.wyatt@atg.in.gov

Betsy M. Isenberg
OFFICE OF THE ATTORNEY GENERAL
Betsy.Isenberg@atg.in.gov

Jeffrey Segall
THE BLAKE HOROWITZ LAW FIRM, LTD.
jeffsgll@gmail.com

Uma Bansal
THE BLAKE HOROWITZ LAW FIRM, LTD.
umadevi@gmail.com

Blake Wolfe Horwitz
THE BLAKE HORWITZ LAW FIRM
bhorwitz@bhlfattorneys.com

Leah Selinger
THE BLAKE HOROWITZ LAW FIRM, LTD.
lselinger@bhlfattorneys.com

Richard Dvorak
THE LAW OFFICES OF RICHARD DVORAK
richard_dvorak@civilrightsdefenders.com