UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WALTER GOUDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:12-cv-00161-SEB-TAB |
| | ) |
| RODNEY J. CUMMINGS in his individual | ) |
| capacities as an Anderson police detective and | ) |
| as a Madison County prosecutor, | ) |
| STEVE NAPIER in his individual capacity as | ) |
| an Anderson police detective, | ) |
| CITY OF ANDERSON an Indiana | ) |
| municipality, | ) |
| THE STATE OF INDIANA (for | ) |
| indemnification purposes only), | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PENDING MOTIONS**

This cause is now before the Court on the Revised Attorney Fee Petition [Docket No. 275], filed by Plaintiff on May 10, 2017.[1] This Court previously held that Plaintiff was entitled to monetary sanctions against Defendants' counsel pursuant to 28 U.S.C. §

---

[1] The parties filed a flurry of motions following Plaintiff's submission of his revised attorney fee petition. These motions can be addressed summarily as follows: Defendants' Joint Motion to Strike Plaintiff's Motion for Attorneys' Fees [Dkt. 282] is DENIED. Although Plaintiff's petition was filed one day beyond the deadline given by the Court, we find that it was filed in good faith and was not intentionally filed in violation of the deadline, and therefore that the filing constitutes excusable neglect and should not be stricken. Plaintiff's Motions to File a Sur-Response to Defendants' Motion to Strike [Dkt. 291] and for Leave to File Fee Petition Response and Exhibit Lists Instanter, *Nunc Pro Tunc* to May 10, 2017 [Dkt. 283] are therefore DENIED AS MOOT. Defendants' Amended Motion for Leave to File Surreply in Opposition to Plaintiff's Revised Petition for Attorneys' Fees [Dkt. 299] is GRANTED and Defendants' original Motion to File Surreply [Dkt. 296] is DENIED AS MOOT.

1

1927 on the grounds that defense counsels' "consistent indifference to their discovery obligations … was both reckless and extremely negligent" and that their "inattentiveness and duplicitousness over many months and their lack of candor regarding the extent of their compliance with their discovery requirements when inquired of unreasonably multiplied the discovery process" in this case. *Goudy v. Cummings*, No. 1:12-cv-00161-SEB-TAB, 2017 WL 1077550, at *14 (S.D. Ind. Mar. 22, 2017). Having previously found that monetary sanctions are warranted for this conduct, we must now address the amount of the sanction.[2]

In our March 22, 2017 Order Granting in Part Third Motion for Sanctions, we instructed Plaintiff, through his counsel, to provide "an itemization of additional expenditures incurred by him in connection with the filing of the Third Motions for Sanctions and the Supplemental Motion for Sanctions," including "any costs incurred in connection with the additional depositions necessitated by defense counsels' failures." *Id.* at *15. In response, Plaintiff filed a petition for attorney fees on April 19, 2017 in the amount of $419,192.50 and for costs in the amount of $1,409.31, for a total award of $420,601.81. Dkt. 269. Our review of Plaintiff's first itemization revealed that it fell far short of complying with our March 22 order, specifically because it included fees "related

---

[2] The factual history of this litigation, and, in particular, the facts surrounding defense counsels' sanctionable conduct in this case have been well-documented in our prior orders. Accordingly, we incorporate here only those facts relevant to our determination of the appropriate amount of monetary sanctions necessary to serve the purposes of § 1927, to wit, "to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them." *Riddle & Assocs. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005) (quotation marks and citation omitted).

to, *inter alia*, [Plaintiff's counsels'] preparation of Plaintiff's summary judgment response, motion to bar documents, original motion for sanctions, and motions to vacate the trial date as well as expenses related to correspondence, docket review, and conferences with opposing and co-counsel throughout this time period." Dkt. 272 at 2. Thus, on May 2, 2017, we ordered Plaintiff to file an amended itemization including "*only* those fees and costs associated with preparation of Plaintiff's Third Motion for Sanctions, the Supplement to the Third Motion for Sanctions, and any expenses (that have not already been covered by Defendants or defense counsel) related to the additional depositions that were necessitated by defense counsels' conduct." *Id.* (emphasis added).

Currently before us is Plaintiff's amended petition for attorneys' fees, which seeks a fee award of $218,368.00 and an expense award of $1,283.41, for a total award of $219, 651.41. Although this amount represents approximately half of the original amount requested, it is nonetheless still excessive, including time spent on tasks significantly beyond the limited range of sanctionable conduct identified by the Court as properly compensable. A number of entries on the itemizations are vague,[3] preventing a determination of whether the time references are compensable, either in whole or in part. Plaintiff's itemizations also include pages of entries referencing communications among co-counsel and opposing counsel, which, as we previously indicated, are outside the bounds of our March 22 Order. Time spent preparing for and conducting certain

---

[3] Such entries include: "Discussion with Rich re update of the discussions," (Dkt. 276-1 at 6), and numerous pages consisting of entries that say only "Email with counsel re: deposition scheduling" and "Email with counsel re: outstanding depositions," (Dkt. 272-2).

depositions that were not directly connected to defense counsels' misconduct is also included. Other time entries appear duplicative, no doubt revealing the ongoing, obvious pattern of overstaffing among various plaintiff lawyers. The amount of time billed in many instances is also excessive, for example, the more than 4 hours claimed by attorney Blake Horwitz for drafting and then "re-working" the "summary and intro" of the third sanctions motion, and the almost 15 hours billed by Mr. Horwitz to reduce the motion for sanctions from 60 pages to 35 pages in order to comply with the local rules. Dkt. 276-1 at 3. Additionally, attorney Richard Dvorak claims entitlement for more than 65 hours spent drafting the supplement to the original motion, which is more time than was spent on the original motion and reply combined. Dkt. 276-2 at 12-13. Plaintiff also attempts to recover for certain purely administrative tasks which clearly are not subject to recovery, *i.e.*, for time spent downloading, scanning, copying, and emailing files and requested documents to attorneys.

It is well-established that "a request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Given the wide-ranging deficiencies affecting both Plaintiff's original and now amended attorneys' fee requests, which have greatly expanded the amount of time the Court has been required to invest in addressing this collateral matter, we shall not expend further judicial resources to analyze each line of Plaintiff's attorneys' time sheets, particularly since the attorneys' fees being awarded here are not as a reward to the prevailing party in the litigation, but rather as a permissive sanction. *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1014 (7th Cir. 2004) ("Section 1927 is permissive, not mandatory.

The court is not obliged to grant sanctions once it has found unreasonable and vexatious conduct."). Taking all these circumstances into consideration, including Plaintiff's counsels' role in expanding and exacerbating the already substantial discovery delays in this case, we conclude that $50,000 in attorneys' fees and $1,283.41 in costs is an appropriate amount for defense counsels' sanctionable conduct. Defense counsel are held jointly and severally liable for this payment. Final judgment shall now issue in this cause.

    IT IS SO ORDERED.

Date: _____12/4/2017_____      _____
    SARAH EVANS BARKER, JUDGE
    United States District Court
    Southern District of Indiana

Distribution to counsel of record via CM/ECF