UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WALTER GOUDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:12-cv-00161-SEB-TAB |
| | ) |
| RODNEY J. CUMMINGS in his individual | ) |
| capacities as an Anderson police detective and as a | ) |
| Madison County prosecutor, | ) |
| STEVE NAPIER in his individual capacity as an | ) |
| Anderson police detective, | ) |
| CITY OF ANDERSON an Indiana municipality, | ) |
| THE STATE OF INDIANA (for indemnification | ) |
| purposes only), | ) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' RENEWED MOTION
FOR LEAVE TO SUBMIT NEW EXPERT REPORT**

Defendants are in a bind. Their expert witness, Dr. John Yuille, died July 23, 2017. Defendants thereafter identified Dr. Barry Cooper as their replacement expert witness, and on September 5, 2017, filed a motion for leave to submit this new expert witness report. Shortly thereafter, on September 29, 2017, the Court granted summary judgment in Defendants' favor. As a result, the Court denied as moot Defendants' motion to submit Dr. Cooper's new expert witness report. Plaintiff successfully appealed the summary judgment ruling, resulting in the Seventh Circuit Court of Appeals reversing that ruling and remanding this case for trial. This prompted Defendants to renew their motion to disclose their new expert witness report. [Filing No. 335.]

Plaintiff objects to Defendants' renewed effort to disclose Dr. Cooper as an expert witness. [Filing No. 338.] The Court held a telephonic status conference on August 2, 2019, and gave the parties an opportunity to be heard on this motion and objection. As more fully set forth

below, the Court grants Defendants' renewed motion, but imposes strict deadlines governing the disclosure of Dr. Cooper's report, his deposition, and any challenge to his testimony.

Fed. R. Civ. Pro. 37(c)(1) provides in relevant part that a party may supplement its witness disclosures provided that the failure to timely do so was either justified or harmless. *Finley v. Marathon Oil*, 75 F. 3d 1225, 1230 (7th Cir. 1996). Plaintiff faults Defendants for retaining Dr. Cooper in 2017 but as yet having failed to disclose his expert witness report. Ordinarily, such a failure would be inexcusable. In the instant case, however, the intervening summary judgment ruling and appeal understandably contributed to Defendants' predicament. While it may have been prudent for Defendants to push forward with securing Dr. Cooper's report during the pendency of the appeal, it is not particularly surprising that they did not do so. Having secured a ruling before this Court that may have ended this litigation, Defendants opted not to spend the time and money needed to secure Dr. Cooper's report during the pendency of the appeal. When the appeal was decided against Defendants, they then pushed forward with obtaining Dr. Cooper's report, which included filing the renewed motion to submit his report that now pends before this Court. Thus, while Plaintiff fairly questions Defendants' approach in this regard, Defendants' approach was justified.

The closer question is whether Defendants' conduct is harmless. Plaintiff makes a convincing argument that the late disclosure of Dr. Cooper's report imposes a hardship on Plaintiff, who will want to depose Dr. Cooper, could seek to challenge his testimony, and will need to be prepared to confront his testimony at trial if Dr. Cooper is not excluded. The demands imposed on Plaintiff (and Defendants as well) by the rapidly approaching October 15, 2019, final pretrial conference, the November 12, 2019, trial, and related deadlines will be significant. And as Plaintiff persuasively points out, Defendants were aware of the need to disclose Dr. Cooper's

report when they agreed to the November 12 trial date. As a result, the Court cannot conclude that Defendants' conduct is harmless.

Nevertheless, having found Defendants' conduct was justified, the fact that this conduct harmed Plaintiff does not preclude Defendants from submitting Dr. Cooper's report. Rule 37(c)(1) permits Dr. Cooper to testify if Defendants' conduct was *either* justified or harmless. And the harm to Plaintiff is minimized in two significant ways. First, Plaintiff has known of Defendants' intention to use Dr. Cooper as a witness and have had his curriculum vitae and related materials (but not his report), since September 5, 2017. Second, Dr. Cooper's report is expected to be substantially similar to Dr. Yuille's report. So the Court will grant Defendants' renewed motion to submit Dr. Cooper's report.

That being said, the Court retains the discretion to impose appropriate pretrial deadlines and may impose deadlines to minimize the harm to Plaintiff caused by Dr. Cooper's untimely report. Even though the harm has been minimized, it still exists. Accordingly, Defendants shall disclose Dr. Cooper's report no later than August 26, 2019. Defendants' request to extend this deadline to September 9, 2019, is unworkable and is denied. Defendants have contributed greatly to the bind they find themselves in. They will have to coordinate with Dr. Cooper to expedite his report. This could require, for example, Defendants to pay Dr. Cooper a premium to expedite his report. But if Dr. Cooper's report is not disclosed by August 26, it will not be allowed. In addition, Dr. Cooper must make himself available for deposition by Plaintiff no later than September 20. If Dr. Cooper cannot be available by this date, his testimony will not be allowed. Any motion to limit or preclude Dr. Cooper's trial testimony shall be filed by October 1, 2019, and any response shall be filed by October 8, 2019. These deadlines will be strictly enforced in light of the October 15 final pretrial conference.

For these reasons, and with these limitations, the Court grants Defendants' renewed motion to disclose their new expert witness report. [Filing No. 335.]

Date: 8/5/2019

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Uma Bansal
THE BLAKE HOROWITZ LAW FIRM, LTD.
umadevi@gmail.com

Betsy M. DeNardi
OFFICE OF THE ATTORNEY GENERAL
Betsy.Isenberg@atg.in.gov

Richard Dvorak
DVORAK LAW OFFICES LLC
richard_dvorak@civilrightsdefenders.com

Bryan Findley
INDIANA ATTORNEY GENERAL
bryan.findley@atg.in.gov

Blake Wolfe Horwitz
THE BLAKE HORWITZ LAW FIRM
bhorwitz@bhlfattorneys.com

Amy Stewart Johnson
FROST BROWN TODD LLC
asjohnson@fbtlaw.com

Joshua Robert Lowry
INDIANA ATTORNEY GENERAL
joshua.lowry@atg.in.gov

Anthony W. Overholt
FROST BROWN TODD LLC
aoverholt@fbtlaw.com

Jeffrey Segall
THE BLAKE HOROWITZ LAW FIRM, LTD.
jeffsgll@gmail.com

Alexander Phillip Will
FROST BROWN TODD LLC
awill@fbtlaw.com