UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WALTER GOUDY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RODNEY J. CUMMINGS in his individual ) <br> capacities as an Anderson police detective and as a ) <br> Madison County prosecutor, ) <br> STEVE NAPIER in his individual capacity as an ) <br> Anderson police detective, ) <br> CITY OF ANDERSON an Indiana municipality, ) <br> THE STATE OF INDIANA (for indemnification ) <br> purposes only), ) <br> ) <br> Defendants. ) <br> ) | No. 1:12-cv-00161-SEB-TAB |

**ORDER ON MOTION TO WITHDRAW**

Indiana Attorney General Curtis T. Hill, Jr. and his deputies have filed a motion to withdraw their representation of Defendant Rodney Cummings. [Filing No. 344.] While motions to withdraw are usually uneventful, the instant motion has unleashed a small firestorm of opposition. [Filing Nos. 346, 347, 349.] A brief overview of the factual and procedural background of this case helps place the motion and its opposition in proper context.

A jury convicted Plaintiff Walter Goudy of murder and attempted murder, but the Seventh Circuit Court of Appeals found that *Brady*[1] violations entitled Goudy to a writ of habeas corpus and a new trial. *Goudy v. Basinger*, 604 F.3d 394 (7th Cir. 2010). In February 2012, Goudy brought the present lawsuit against Defendants Rodney Cummings and Steve Napier,

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

who served as police detectives that investigated the underlying crimes. Cummings also later served as the county prosecutor. The lawsuit alleges that, in various ways, Defendants failed to disclose exculpatory evidence in violation of Goudy's due process rights.

Attorney General Hill, through his Deputy Attorneys General, entered his appearance on March 28, 2012, and March 30, 2012, for Defendant Rodney Cummings, in his capacity as Madison County Prosecutor, and for the State of Indiana (the "State Defendants"). [Filing Nos. 7, 8.][2] Defense counsel then proceeded to litigate this case for many years, with varying results. Although all Defendants sought and were granted summary judgment [Filing No. 312], the Court also sanctioned defense counsel $50,000 plus costs for discovery misconduct. [Filing Nos. 260, 315.] However, on May 1, 2019, the Seventh Circuit Court of Appeals wiped away Defendants' success on the merits, reversing this Court's grant of summary judgment and remanding this case for trial. *Goudy v. Cummings*, 922 F.3d 834, 844 (7th Cir 2019). Of particular note, the Seventh Circuit concluded Goudy has put forth evidence that would permit a trier of fact to conclude that Cummings intentionally concealed an exculpatory video for 14 months. *Id*. at 839. On June 27, 2019, the Court set this matter for trial on November 12, 2019. [Filing No. 333.]

More than two months after this Court set this trial date and nearly four months after the Seventh Circuit reversed the summary judgment ruling, Hill and his Deputy Attorneys General filed the motion to withdraw their appearances for the State Defendants that now pends before this Court. The original motion is thin on analysis, but in essence argues: (1) the only issue in this case on remand is whether Defendants caused Goudy to receive an unfair trial in violation of his due process rights; (2) Cummings's involvement in this case has nothing to do with his

---

[2] Another set of attorneys represents Cummings and Napier in their capacities as police detectives with the City of Anderson, as well as the City of Anderson (the "City Defendants"). [Filing Nos. 5, 6.]

prosecutorial responsibilities but rather arose only as a result of his capacity as a police detective for Anderson; and (3) therefore representation by the Attorney General is "unnecessary and superfluous." [Filing No. 344, at ECF p. 2.]

As a preliminary matter, the timing of the motion to withdraw strikes the Court as odd. Such motions typically are linked to some development in the case, such as a breakdown in the relationship between attorney and client, a client's inability to pay counsel for their work, or a newly arisen conflict of interest. No such developments are at issue here. Goudy's response to the motion to withdraw likewise questions the timing. As Goudy's response puts it, "more than three months after the remand order and almost 4 months after the ruling" defense counsel "suddenly realized that they were apparently victorious on appeal, and thus there would be no reason for them to continue to represent Defendant Cummings in the matter." [Filing No. 347, at ECF p. 3.]

The City Defendants point out, quite correctly in the Court's view, that the Attorney General is mistaken that the Seventh Circuit somehow ruled Cummings could only be sued for his actions while employed as a police detective, as opposed to his role as a prosecutor.[3] What the Seventh Circuit said is this:

> Cummings's actions (removing the video and hanging onto it for 14 months) had nothing to do with his prosecutorial responsibilities. He removed and retained the video in his capacity as a police detective. Any entitlement to immunity that Cummings enjoys for actions taken in his prosecutorial capacity after April 7, 1995, is beside the point.

*Id.* at 840. The Court agrees with the City Defendants' argument that the Seventh Circuit's statement in this regard reflects that Cummings's alleged conduct as a police detective was

---

[3] The State of Indiana is potentially responsible for acts Cummings committed in his role as prosecutor, whereas the City of Anderson is potentially responsible for Cummings's conduct as a police detective.

investigatory, and therefore not prosecutorial or protected by absolute immunity. [Filing No. 346, at ECF p. 4.] Driving home this point, Goudy further argues that although Cummings was employed as a prosecutor during much of his alleged misconduct, he was wearing his "investigatory hat" during this time, which could subject him to liability. [Filing No. 347, at ECF p. 4.]

The City Defendants further note that if a jury finds Cummings is liable for the removal or retention of the video during some time period while he was prosecutor, the City of Anderson cannot be liable for this conduct, since at the time of those actions Cummings would have been acting an agent of the State, not the City. [Filing No. 346, at ECF p. 3.] This argument further supports denying the motion to withdraw.

The burden is on the Attorney General to show a valid and compelling reason to grant the motion to withdraw. *Woodall v. Drake Hotel, Inc.*, 913 F.2d 447, 449 (7th Cir. 1990).[4] Not only do the City Defendants oppose this motion to withdraw [Filing No. 346], the proposed withdrawal could well create a conflict of interest for Cummings's counsel. Counsel for the City Defendants inevitably will be attempting to convince the jury that, if there is any liability here, it should fall at the feet of Prosecutor Cummings (and rest with the State of Indiana) as opposed to Detective Cummings (which would implicate the City of Anderson). This potential conflict and resulting prejudice undercuts the State Defendants' ability to set forth a valid and compelling reason for withdrawal.

---

[4] Goudy makes this argument in his motion for leave to file a sur-reply brief in opposition to the motion to withdraw. [Filing No. 349.] Although captioned as a motion for leave to file a sur-reply, the motion itself is the sur-reply. In any event, the Court grants Goudy's motion.

The City Defendants also assert an indemnification claim against the State in further support of their opposition to the motion to withdraw. [Filing No. 346, at ECF p. 2.] The Court need not wade into this argument given that the Court already has found the motion to withdraw should be denied.

In summary, although the Attorney General attempts to link the motion to withdraw to the Seventh Circuit's decision from earlier this year, this is a weak link. As Goudy puts it, "The decision of the Appellate Court is irrelevant to the instant motion to withdraw. Movants have simply raised this issue now, at the last minute, for reasons that are unclear." [Filing No. 349, at ECF p. 4.] Perhaps the timing is not altogether unclear. The litigation timeline shows that after a long and bruising battle, trial is finally near. The Court will not acquiesce in the Attorney General's 11th-hour attempt to leave the fray. For these reasons, the motion to withdraw [Filing No. 344] is denied.

IT IS SO ORDERED.

Date: 10/3/2019

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Uma Bansal
THE BLAKE HOROWITZ LAW FIRM, LTD.
umadevi@gmail.com

Betsy M. DeNardi
OFFICE OF THE ATTORNEY GENERAL

5

Betsy.Isenberg@atg.in.gov

Richard Dvorak
DVORAK LAW OFFICES LLC
richard_dvorak@civilrightsdefenders.com

Bryan Findley
INDIANA ATTORNEY GENERAL
bryan.findley@atg.in.gov

Colin E. Flora
PAVLACK LAW, LLC
Colin@PavlackLawFirm.com

Blake Wolfe Horwitz
THE BLAKE HORWITZ LAW FIRM
bhorwitz@bhlfattorneys.com

Amy Stewart Johnson
FROST BROWN TODD LLC
asjohnson@fbtlaw.com

Joshua Robert Lowry
INDIANA ATTORNEY GENERAL
joshua.lowry@atg.in.gov

Anthony W. Overholt
FROST BROWN TODD LLC
aoverholt@fbtlaw.com

Eric S. Pavlack
PAVLACK LAW, LLC
eric@pavlacklawfirm.com

Jeffrey Segall
THE BLAKE HOROWITZ LAW FIRM, LTD.
jeffsgll@gmail.com

Alexander Phillip Will
FROST BROWN TODD LLC
awill@fbtlaw.com