UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WALTER GOUDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12-cv-00161-SEB-TAB |
| | ) | |
| RODNEY J. CUMMINGS in his individual | ) | |
| capacities as an Anderson police detective and | ) | |
| as a Madison County prosecutor, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON CITY DEFENDANTS' MOTION IN LIMINE NO. 6**

In 1995, Mr. Goudy was tried and convicted of murder and attempted murder in connection with a shooting that occurred on October 3, 1993, when two men fired multiple shots into an occupied car in Anderson, Indiana. In 2010, Mr. Goudy was granted habeas relief by the Seventh Circuit. He subsequently filed this lawsuit in which he alleges that he was denied a fair criminal trial based on Defendants' alleged withholding of *Brady* material, to wit, police notes from an interview of Kaidi Harvell (the primary witness against Mr. Goudy in his criminal trial) in which Mr. Harvell provided a story that conflicted with his subsequent testimony at Mr. Goudy's criminal trial and a videotape of a police line-up in which multiple witnesses identified Mr. Harvell as one of the two shooters. Some of these same witnesses identified Mr. Goudy as the other shooter.

Prior to Mr. Goudy's criminal trial, his half-brother, Romeo Lee, confessed to police that he had been one of the two shooters, that he and Mr. Goudy were often

1

mistaken for each other, and that Mr. Harvell—not Mr. Goudy—was the other shooter. Although Mr. Goudy's defense attorney, Mark Maynard, had possession of a video recording of Mr. Lee's confession at the time of Mr. Goudy's criminal trial, Mr. Maynard did not introduce the confession as evidence in that trial or develop that theory of defense on behalf of Mr. Goudy. Following Mr. Goudy's trial and conviction, Defendant Cummings, Madison County Prosecutor, successfully prosecuted Mr. Lee for murder and attempted murder in the role as the second shooter.

Defendants have filed a motion in limine seeking to exclude from the upcoming trial on Mr. Goudy's § 1983 fair trial claim any mention of Mr. Lee's confession and conviction on the grounds that this evidence, though available to Mr. Goudy's defense counsel, was not presented to the jury during Mr. Goudy's criminal trial based on Mr. Maynard's strategic decision, and thus, is not relevant to the jury's determination of whether the withholding of *Brady* material denied him a fair trial in violation of § 1983. Plaintiff rejoins that the evidence of Mr. Lee's confession and conviction is highly relevant to his § 1983 fair-trial claim, particularly as to the issues of materiality, to Defendant Cummings's motive for withholding *Brady* evidence, and to the nature and extent of Mr. Goudy's damages.

We agree with Mr. Goudy that Mr. Lee's confession as well as the fact that Mr. Lee was subsequently prosecuted by Defendant Cummings and successfully convicted as the second shooter is relevant evidence as to Cummings's motive for withholding the *Brady* evidence. The confession is also relevant as to the extent of the harm suffered by Mr. Goudy in that it is evidence supporting his innocence. *See Parish v. Elkhart*, 702

F.3d 997, 1001 (7th Cir. 2012) (finding evidence of innocence not presented at underlying criminal trial relevant to determination of damages in wrongful conviction case).

Mr. Lee's confession may be relevant to the element of materiality as well. In considering materiality, the factfinder must "carefully assess[ ] what purposes the suppressed evidence might have served …" in determining its effect on the proceeding. *Boss v. Pierce*, 263 F.3d 734, 745 (7th Cir. 2001). Although a somewhat attenuated theory, Mr. Goudy's counsel argues that Attorney Maynard is expected to testify that had he had access to the withheld *Brady* evidence it would have strengthened the credibility of what was at the time an uncorroborated confession by Mr. Lee. Thus, the withheld *Brady* evidence impacted his decision not to introduce Mr. Lee's confession at Mr. Goudy's trial. The Lee confession along with the withheld *Brady* material inculpating Mr. Harvell would, according to Plaintiff here, have strengthened Mr. Goudy's defense, rendering the withholding of the *Brady* evidence a material matter under § 1983. We accept this theory in allowing the evidence to come in.

That said, the relevance of Mr. Lee's confession and conviction relates only to the effect such evidence may have had on the decisions made by Defendant Cummings and Mr. Maynard at the time of Mr. Goudy's criminal trial. The facts of the confession and conviction can and should come into evidence through those two witnesses. Plaintiff's counsel has indicated that they intend to call Mr. Lee as a witness to testify to the fact and the truth of his confession, even though that evidence was not adduced during Mr. Goudy's criminal trial. We are of the view that given the limited use and relevance of the

Lee confession and conviction, the potential prejudice that would result from his personal appearance at trial would far exceed their relevance.

Accordingly, City Defendants' Motion in Limine No. 6 is <u>GRANTED IN PART</u> to the extent that Mr. Lee will not be permitted to testify in person to these issues and <u>DENIED IN PART</u> as to Defendants' request to exclude all references to the fact and content of Mr. Lee's confession and subsequent conviction. Stated otherwise, Plaintiff will be permitted to introduce evidence establishing the fact and content of Mr. Lee's confession as well as the fact of his conviction for murder and attempted murder as the second shooter, but he may not introduce such evidence through the direct testimony of Mr. Lee.

IT IS SO ORDERED.

Date: __10/18/2019__          _____
                                                   SARAH EVANS BARKER, JUDGE
                                                   United States District Court
                                                   Southern District of Indiana

Distribution to counsel of record via CM/ECF