UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WALTER GOUDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12-cv-00161-SEB-TAB |
| | ) | |
| RODNEY J. CUMMINGS in his individual | ) | |
| capacities as an Anderson Police Detective and | ) | |
| as a Madison County Prosecutor, and STEVE | ) | |
| NAPIER, in his individual capacity as an | ) | |
| Anderson Police Detective, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Now before the Court are the following motions: (1) Plaintiff's Motion in Limine to Bar Live Testimony of Jill Barclay and Damon Nunn [Dkt. 412]; (2) Plaintiff's Motion for Reconsideration of Court's Order Barring Dr. Gary Wells as an Expert Witness [Dkt. 414]; (3) Plaintiff's Motion for Reconsideration of Court's Order Barring Plaintiff's Suggestive ID Claim [Dkt. 415]; (4) Defendants' Motion to Bifurcate [Dkt. 358]; and (5) Defendant Cummings's Supplemental Motion in Limine [Dkt. 372]. We address these motions in turn in summary fashion below. Trial in this matter is set to begin in three (3) days.

**I.  Plaintiff's Motion in Limine to Bar Live Testimony**

Plaintiff has moved to bar the live testimony of Jill Barclay and Damon Nunn, the two eyewitnesses who were passengers in Marvin McCloud's vehicle during the 1993 shooting. Both testified at the criminal trial. Plaintiff argues that Ms. Barclay and Mr.

1

Nunn cannot offer any relevant testimony beyond that which they intend to introduce through written summaries of their trial testimony, which method is what the parties agreed to with respect to testimony of other witnesses at the 1995 criminal trial. Plaintiff claims that the only additional live testimony these two witnesses could provide would be their testimony as to their continued belief in Plaintiff's guilt, which testimony has little to no relevance to a resolution of the issues which the jury must decide in this case. Plaintiff further argues that, because the court has barred evidence as to his claim that Defendants' use of an unduly suggestive showup procedure denied him a fair trial and has also excluded the expert testimony, it would be unfair to permit Ms. Barclay's and Mr. Nunn's live testimony without permitting Plaintiff the opportunity to present evidence challenging the reliability of their identifications in 1995 as well as their continued belief in his guilt.

In response, Defendants have not stated what relevant live testimony Ms. Barclay and Mr. Nunn would provide that would not be covered in a written summary of their testimony from Plaintiff's 1995 criminal trial. Given the narrow issue the jury must decide in the case at bar, to wit, whether there is a reasonable likelihood that the outcome of the original trial would have been different if the *Brady* material had been disclosed, the relevance of Ms. Barclay's and Mr. Nunn's testimony is primarily limited to that which was given at the criminal trial. Any relevance relating to their continued belief in Plaintiff's guilt is greatly outweighed by the potential prejudice of such testimony and risk of jury confusion. Accordingly, we <u>GRANT</u> Plaintiff's motion *in limine* to bar the live testimony of Ms. Barclay and Mr. Nunn.

**II.     Plaintiff's Motion for Reconsideration of Exclusion of Expert Testimony**

Plaintiff has moved for reconsideration of the Court's *in limine* ruling excluding the opinions of his expert, Dr. Gary Wells, regarding the reliability of eye witness testimony. Plaintiff maintains that this testimony is highly relevant in assisting the jury to assess the strength of the evidence that was presented against him in the 1995 criminal trial, which is a key aspect of materiality, and thus an essential element of his *Brady* claim.[1] We acknowledge that "the Seventh Circuit has been receptive to eyewitness identification expert testimony in the civil arena." *Cage v. City of Chicago*, 979 F. Supp. 2d 787, 839 (N.D. Ill. 2013) (citing *Phillips v. Allen*, 668 F.3d 912 (7th Cir. 2012); *Newsome v. McCabe*, 319 F.3d 301 (7th Cir. 2003)). The relevance of such testimony is reduced here, however, based on Plaintiff's theory of the case, at least as that theory has been explained to us.

Plaintiff's theory, as we understand it, is that the eyewitnesses were correct in identifying Kaidi Harvell as one of the shooters and in identifying someone who looked like Plaintiff as the second shooter, and that those eyewitnesses confused Plaintiff for his lookalike half-brother, Romeo Lee, and further that, had Plaintiff's defense counsel known of the *Brady* material corroborating Mr. Lee's confession in which Lee admitted that he was one of the shooters, that he was often confused with Plaintiff, and that Mr. Harvell was the second shooter, it would have changed the outcome of the trial. This

---

[1] In response to Defendants' motion to exclude Dr. Wells's testimony, Plaintiffs also argued that the expert testimony was highly relevant to his suggestive identification theory of liability. However, as discussed in more detail below, that theory has been barred.

3

evidence and this theory can still be conveyed to the jury through the testimony of the defense attorney who represented Plaintiff at his criminal trial in 1995, given the court's *in limine* ruling permitting the introduction of Mr. Lee's confession and conviction.

Given Plaintiff's theory, expert testimony as to the reliability of eyewitness testimony cuts both ways in this case as Plaintiff wants the jury to believe that the same eyewitnesses correctly identified one of the shooters but incorrectly identified the other, thereby further diminishing the relevance and helpfulness of Dr. Wells's expert testimony. *See* Fed. R. Evid. 702(a).

We have additional concerns regarding the admissibility of Dr. Wells's testimony as addressed in our oral ruling at the final pretrial conference. No eyewitness expert testimony was presented at Plaintiff's criminal trial and thus introducing such testimony at this trial has the potential to confuse and distract the jury from the decision it has to make in this case, namely, whether there is a reasonable likelihood that the result of the 1995 trial would have been different had the jury considered the missing *Brady* material in conjunction with the other evidence presented at that trial. Moreover, we are informed that Dr. Wells did not interview any of the eyewitnesses who testified in the original trial and in fact reviewed the trial testimony of only one of the five eyewitnesses about whose identifications he opines, yet his conclusions regarding the reliability of their identifications rest largely on what he speculates their emotional state was at the time of the shooting. For these reasons, we <u>DENY</u> Plaintiff's motion to reconsider our ruling excluding Dr. Wells's testimony. Defendants' expert is also excluded since he was expected to respond to Dr. Wells's testimony.

**III.     Motion to Reconsider Ruling Barring Suggestive Identification Claim**

Plaintiff also seeks reconsideration of the Court's *in limine* ruling barring his claim that Defendants' use of an allegedly unduly suggestive one-person showup procedure denied him a fair trial, either independently or in conjunction with the withheld *Brady* material.

On summary judgment, we ruled that Defendants could not be held liable for using the showup procedure because the prosecutors' decision to introduce the evidence at trial constituted an intervening cause of any constitutional injury that may have stemmed from the allegedly unduly suggestive identification by the police officers.  Therefore, we did not reach the merits of the claim or to the showup procedure nor did we address Defendants' qualified immunity argument.  The Seventh Circuit, in overturning our summary judgment ruling dismissing Plaintiff's fair trial claim, stated: "We need not and do not address [Plaintiff's] allegation that the allegedly improper one-man 'showup' procedure independently constituted a basis for liability.  On remand, the district court is free to consider this issue afresh; evidence of the showup procedure may prove to be relevant at trial as Goudy seeks to hold the defendants liable for his constitutional injury." *Goudy v. Cummings*, 922 F.3d 834, 844 (7th Cir. 2019).

We declined to allow Plaintiff to raise the suggestive showup at trial as an independent basis for liability on grounds that the Seventh Circuit did not explicitly reverse that aspect of our summary judgment ruling and Plaintiff did not seek reconsideration on remand or otherwise raise the issue until pretrial motions were filed. Given that the merits of the suggestive identification theory of liability and Defendants'

5

related qualified immunity arguments have never been fully addressed in our summary judgment ruling, Plaintiff should have raised the issue earlier than a few weeks before trial to allow it to be fully briefed and argued and ruled upon by the Court. We therefore <u>DENY</u> Plaintiff's motion to reconsider our ruling prohibiting the suggestive identification claim from being asserted by Plaintiff as an independent basis for liability.[2]

Although Plaintiff is prohibited from raising the issue at trial in the context of a theory of liability, we clarify here our ruling with regard to the extent to which the showup procedure may be raised in other contexts. The fact that Jill Barclay made her initial identification of Plaintiff at a one-person showup is undisputed and is relevant to the jury's consideration of the reliability of the identification and the strength of the case against him in the criminal trial. Such evidence is thus relevant to the issue of materiality, an essential element of Plaintiff's *Brady* claim. Accordingly, Plaintiff is permitted to reference the showup procedure and question Defendants regarding their use of the technique and its suggestive nature (as Defendant Cummings apparently conceded in his deposition) as this evidence goes to the issue of the strength of the underlying case against Plaintiff and, in turn, the materiality of the *Brady* material. Plaintiff is prohibited, however, from arguing that Defendants' use of the showup rose to a constitutional violation.

---

[2] At the final pretrial conference, in support of our decision not to permit the suggestive identification theory to proceed as a basis for liability, we also relied on the fact that the Indiana Supreme Court on direct review addressed the suggestive showup identification made by Jill Barclay and did not reverse the trial court's decision on fair trial grounds, reasoning that any error was harmless given that several other individuals separately identified Plaintiff. That issue was not raised again in the habeas petition.

6

## IV.    Defendants' Motion to Birfurcate

Defendants have sought bifurcation to avoid what they characterize as the danger of unfair prejudice that they believe they will suffer if liability and damages are tried together. Specifically, they argue that if the trial is not bifurcated, the jury will hear evidence in this case that the jury in 1995 did not hear as well as testimony from Plaintiff regarding the effect of his incarceration and his assertion of innocence that, while relevant to damages, could improperly influence the jury on the question of liability.

A court may order a separate trial of any issue "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). We reserved a ruling on this motion at the time of the pretrial conference. Plaintiff has now confirmed that he is no longer seeking punitive damages and intends to call only one witness (himself) to testify as to the effect of his incarceration. Accordingly, we hold that the possibility of prejudice to Defendants has been greatly diminished and bifurcation is thus not warranted here. The concerns raised by Defendants are no different that those present in every *Brady* claim trial. Defendants have cited no authority for the proposition that bifurcation is required in all such cases. The limited damages evidence ameliorates any potential prejudice and can be further mitigated through jury instructions. For these reasons, Defendants' motion to bifurcate is DENIED.

## V.    Defendant Cummings's Supplemental Motion in Limine

Defendant Cummings asks the court to exclude evidence of the following seven categories: (1) unrelated complaints, discipline, or lawsuits against Defendant Cummings or other State employees; (2) any mention of indemnification of Defendant Cummings;

7

(3) reference to Defendant Cummings's attorneys working for the State of Indiana; (4) allegations of misconduct by state agencies; (5) Defendant Cumming's alleged failure to call witnesses or present evidence; (6) a "Golden Rule" argument; and (7) evidence of attorney's fees. Plaintiff does not object to categories 1–5 and 7. Accordingly, Defendant Cumming's motion *in limine* is GRANTED as to these issues.

Plaintiff objects to Defendant Cummings's request that Plaintiff be barred from using a "Golden Rule" argument asking the jurors to place themselves in Plaintiff's shoes. This type of argument "is universally recognized as improper because it encourages the jury to depart from [] neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *United States v. Roman*, 492 F.3d 803, 806 (7th Cir. 2007) (quoting *United States v. Teslim*, 869 F.2d 316, 328 (7th Cir. 1989)). Accordingly, Defendant Cummings's motion *in limine* is GRANTED as to this issue as well.

IT IS SO ORDERED:

Date: __11/8/2019__

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Uma Bansal
THE BLAKE HOROWITZ LAW FIRM, LTD.
umadevi@gmail.com

Thomas L. Davis
FROST BROWN TODD LLC (Indianapolis)
tdavis@fbtlaw.com

Betsy M. DeNardi
OFFICE OF THE ATTORNEY GENERAL
Betsy.Isenberg@atg.in.gov

Richard Dvorak
DVORAK LAW OFFICES LLC
richard_dvorak@civilrightsdefenders.com

Bryan Findley
INDIANA ATTORNEY GENERAL
bryan.findley@atg.in.gov

Colin E. Flora
PAVLACK LAW, LLC
Colin@PavlackLawFirm.com

Blake Wolfe Horwitz
THE BLAKE HORWITZ LAW FIRM
bhorwitz@bhlfattorneys.com

Amy Stewart Johnson
FROST BROWN TODD LLC
asjohnson@fbtlaw.com

Joshua Robert Lowry
INDIANA ATTORNEY GENERAL
joshua.lowry@atg.in.gov

Anthony W. Overholt
FROST BROWN TODD LLC
aoverholt@fbtlaw.com

Eric S. Pavlack
PAVLACK LAW, LLC
eric@pavlacklawfirm.com

Jeffrey Segall
THE BLAKE HOROWITZ LAW FIRM, LTD.
jeffsgll@gmail.com

Alexander Phillip Will
FROST BROWN TODD LLC
awill@fbtlaw.com